N. Y. 601.) The complaint in the present action, also brought under the Federal Employers' Liability Act, omits the allegation of a violation of the Boiler Inspection Act and seeks to recover upon the theory of negligence of fellow-servants and failure to promulgate rules.

*Hamilton Ward* for appellant.

*Evan Hollister* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

GUISEPPE FUSCO, Respondent, *v.* MARIA FUSCO, Appellant.

*Title — stocks and stockholders — action to have it adjudged that plaintiff was the owner of certain stock in possession of defendant and for a direction that she deliver same to plaintiff.*

*Fusco* v. *Fusco*, 214 App. Div. 784, affirmed.

(Argued January 18, 1926, decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 20, 1925, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to obtain a decree that plaintiff was the owner of all of the stock of the Capello-Fusco Holding Co., Inc., and directing defendant to deliver the same into his possession. The complaint alleged that the plaintiff in June, 1920, organized the said corporation in contemplation of a trip to Italy, for the purpose of managing and controlling his real estate during his absence; that he transferred twenty-four shares to Carlo Cappello and one share to Guiseppe Mattucci therein mentioned and, for the purpose of retaining the balance of power in the affairs of the said corporation, the remaining twenty-five shares to his wife, upon the understanding and agreement that all of said parties were to hold the same in trust for the use and benefit of the plaintiff, and solely for the purpose of managing

and supervising the said property during his absence and that upon his return, they would, on demand, return said stock to the plaintiff; that the plaintiff did not make his contemplated trip to Europe, and that thereafter the said Carlo Cappello and Guiseppe Mattucci retransferred and delivered their respective shares of stock to the plaintiff, but that the defendant refused after due demand to return such stock. The answer denied that the stock was given to the defendant upon the understanding or agreement alleged in the complaint, and alleged in substance that the defendant is the actual owner of the said stock, and that the same was given to her for a valuable consideration.

*Samuel Wechsler* and *Gandolfo A. Sellaro* for appellant.
*Frank J. Rinaldi* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.   Absent: CARDOZO, J.

---

HARRY WALTERS, Respondent, *v.* CLAIREMONT STERILIZED EGG COMPANY et al., Defendants, and WILLIS G. HOWARD, Appellant.

*Pleading — sufficiency of complaint in action to recover for unlawful interference with business.*

*Walters* v. *Clairemont Sterilized Egg Co.*, 215 App. Div. 680, affirmed.
(Argued January 8, 1926, decided February 24, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 30, 1925, which affirmed an order of Special Term denying a motion by defendant for judgment on the pleadings. The following question was certified: " Does the complaint herein state facts sufficient to constitute a cause of action against said defendant? " The action was to recover for an alleged unlawful interference with plaintiff's business. The complaint alleged that defendant, appellant, canvassed the egg trade, including the customers and prospective customers of the plaintiff and threatened such dealers and customers and